```
           IN THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

UNITED STATES OF AMERICA        :
                                :
        v.                      :   CRIMINAL NO. 05-125-01
                                :
KENNETH WILLIAMS                :


MEMORANDUM AND ORDER

Fullam, Sr. J.                                    July 19, 2005

      The defendant's trial on drug charges commenced on June 20, 2005, but ended the next morning, when the court granted defendant's motion for a mistrial.  The defendant has now filed a motion to dismiss the Indictment, asserting that a retrial is barred by the Double Jeopardy Clause of the United States Constitution, since the mistrial was intentionally triggered by the prosecutor.

      In the course of cross-examining the defendant, the prosecutor asked, "As a matter of fact, you have two prior convictions for selling drugs?"  Defense counsel objected, the objection was sustained, and a sidebar conference ensued.  Defense counsel stated that it had been agreed before trial that the government would not introduce any evidence of defendant's prior convictions, and that defense counsel was considering moving for a mistrial.  As reflected in the transcript, the following then occurred:

> "THE COURT: Are you asking for one now?
> I'm inclined to grant it, if you do, but I

> might also say if I grant a mistrial, it will be with the condition that any retrial both sides are represented by different lawyers. What's obviously happening here is that the police were dealing with the drugs that were found in the house, which have been suppressed, and they're getting that in by the back door, and confusing the witness.
>
> MR. STEPHENS: That's not true, Judge.
>
> THE COURT: Of course, it is.
>
> MR. GENOVESE: Judge, it's a point they're trying to get his prior convictions in through the back door as well.
>
> THE COURT: Don't do it again. If you're not moving for a mistrial, I won't grant it.
>
> (End of side bar.)
>
> THE COURT: The jury will disregard that last question."

Cross-examination then resumed, but a few questions later, the prosecutor asked:

> "Mr. Williams, back in 1998 you were convicted of selling drugs back then; correct?"

At that point, defense counsel moved for a mistrial, and the mistrial was granted.

As the record reflects, the defense objection to the question about the defendant's previous criminal record had been sustained, and government counsel had been specifically instructed not to pursue that line of questioning. Even more specifically, government counsel had been made aware that the only reason a mistrial had not already been declared is because

defense counsel did not seek a mistrial.  By promptly disobeying the court's instruction and inquiring about a seven-year-old previous conviction, the prosecutor must have known that it would trigger a mistrial.

At argument, the prosecutor represented to the court that he did not intend to cause a mistrial, and offered to present evidence in support of his good reputation as a prosecutor who would never dream of intentionally causing a mistrial.

It is clear that mere harassment or overreaching which results in a mistrial is not enough to bar retrial under the Double Jeopardy Clause.  "Only where the governmental conduct in question is intended to 'goad' the defendant into moving for a mistrial may a defendant raise the bar of double jeopardy to a second trial after having successfully aborted the first on his own motion."  Oregon v. Kennedy, 456 U.S. 667, 676 (1982).  While I have no doubt of the prosecutor's sincerity in wishing, after the fact, that he had not caused a mistrial, the prosecutor, like everyone else, must be deemed to have intended the readily foreseeable consequences of his actions.  I conclude that the Indictment must be dismissed.

In the interest of completeness, it should be noted that, at an earlier stage, this court granted a motion to suppress the drugs and weapons allegedly found in the course of a

warrantless search of defendant's residence.  But, on the basis of the evidence then available, I declined to suppress the fruits of defendant's interview with the police.  It now appears, on the basis of the evidence presented at trial, that defendant's written and oral statements should also have been suppressed on grounds of involuntariness, as the fruits of the unlawful search of defendant's residence (the police coerced defendant's statements by telling him that his girlfriend was under arrest and was being charged with the drugs and weapons allegedly found in the warrantless search of the residence).  Even more important, the only incriminating statements made by the defendant occurred after he had requested an opportunity to review the police interview forms with his lawyer, and his request had been denied.

       An Order follows.

```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

UNITED STATES OF AMERICA        :
                                :
    v.                            :      CRIMINAL NO. 05-125-01
                                :
KENNETH WILLIAMS                :

<u>ORDER</u>

      AND NOW, this 19th day of July 2005, IT IS ORDERED:

      1.   Defendant's motion to dismiss the Indictment is GRANTED.

      2.   This court's Order dated May 3, 2005 is AMENDED to reflect that defendant's motion to suppress the oral and written statements he allegedly made to the police on August 27, 2004 is GRANTED.

                                      BY THE COURT:

                                      /s/ John P. Fullam
                                      John P. Fullam, Sr. J.