IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA :
:
v. : CRIMINAL NO. 05-cr-125-01
:
KENNETH WILLIAMS :

MEMORANDUM

Fullam, Sr. J. March 7, 2011

  The defendant, Kenneth Williams, was convicted in this court in June 2007 of various drug offenses. The prosecution resulted from a joint federal-state effort conducted in 2003 and 2004, involving cooperative efforts between federal and state law-enforcement authorities.

  The defendant was sentenced on June 20, 2007, and the judgment was affirmed by the Third Circuit Court of Appeals a few months later. Defendant has now filed an application for relief pursuant to 28 U.S.C. § 2255, contending that his constitutional rights were violated.

  At the outset, it should be noted that it would be highly unusual for a district court to grant § 2255 relief from a conviction in this court which has been upheld by the Third Circuit Court of Appeals. There is no suggestion that the defendant and his counsel were not fully aware of all of the circumstances now relied upon to warrant collateral relief. Be that as it may, it is very clear that the present application is utterly lacking in merit.

Defendant contents, principally, that his conviction constituted a violation of the Double Jeopardy Clause of the United States Constitution.  Defendant also asserts that he is the victim of vindictive prosecution because, as I understand it, the prosecutors involved chose to proceed in this federal forum because more severe sentences were available here than would have been warranted in the state court.

But it is not within the province of this court to override prosecutorial discretion.  Choices made by the prosecutors are within their discretion, and are not subject to judicial interference.

There are, in theory, two possible bases for defendant's claims of double jeopardy.  The first is that, at the first trial of this case, the court declared a mistrial and later granted a motion to dismiss the indictment, on grounds of prosecutorial misconduct.  I ruled that the prosecutor had intentionally provoked the mistrial by repeatedly asking certain questions, objection to which had previously been sustained by this court.  I ruled that a retrial of the defendant would indeed violate his double jeopardy rights. Unfortunately for the defendant, however, the government appealed, and the Third Circuit Court of Appeals reversed this court's decision, holding that this court's finding that the prosecutor had intentionally caused the mistrial was not adequately supported by the evidence.

Obviously, the defendant cannot now successfully maintain that the retrial constituted double jeopardy.

The other possible basis for defendant's argument, and the one which defendant principally relies upon, stems from the fact that the defendant was initially prosecuted in the state courts, and that the state charges were withdrawn in favor of the federal prosecution. Unfortunately for the defendant, however, it is very clear that jeopardy did not ever attach in the state-court proceedings. Since he was never brought to trial in that forum, his later prosecution in this court cannot give rise to a valid claim of double jeopardy.

The claim of vindictive prosecution is totally lacking in evidentiary support. There is no showing that defendant's prosecution, or the prosecutor's decision to proceed with the federal case, were intended to, or did, interfere with or punish defendant's exercise of a constitutional right.

For all of the foregoing reasons, the defendant's application for collateral relief under 28 U.S.C. § 2255 will be denied.

An Order follows.

BY THE COURT:

/s/ John P. Fullam
John P. Fullam, Sr. J.